Law Offices of John Walshe & Associates
230 Park Avenue
7th Floor                                                                                  **JURY DEMANDED**
New York, New York 10177
212-697-3242

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| LISA J PADILLA | ) ) ) |
| Plaintiff, | ) COMPLAINT ) |
| -against- | ) Civil Action No: ) ) |
| SACKS AND SACKS, LLP, KENNETH SACKS, EVAN SACKS and DEVON REIFF | ) ) ) ) |
| Defendants, | ) ) ) |

Plaintiff, LISA J PADILLA, alleges for her complaint as follows:

**INTRODUCTORY STATEMENT**

1. This is a suit for damages arising out of the policies and the practices of defendant Sacks and Sacks, LLP and the conduct of its partners, the within named individual codefendants, which resulted in violations of plaintiff's protected rights in the workplace. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. Seq., the New York Labor Law 201-g, the New York Executive Law § 296, the New York City Administrative Code § 8 and New York State Common Law, seeking damages to redress the injuries which

1

plaintiff suffered as a result of being sexually harassed in her workplace, discriminated against on the basis of gender and sexual orientation and retaliated against for complaining about that treatment and wrongfully discharged by Sacks and Sacks, LLP, her employer and wrongfully ignored in regard to subsequent job applications, for opposing and reporting sexual harassment and discrimination and for filing an EEOC complaint against Sacks and Sacks, LLP, its owners and associates. In addition to the foregoing, plaintiff seeks damages to redress the injuries she suffered as a result of defendants' negligence in failing to safeguard its employees, and specifically plaintiff, from injury resulting from failure to compensate her for additional work performed and for failure to pay at a rate equal to that of male employee of equal position and skill.

2. As a result of defendants' unlawful, intentional, reckless, willful and negligent behavior, plaintiff has suffered severe emotional distress and personal injury to her physical health. Plaintiff has also lost income, suffered a loss of reputation, status and future hire-ability and other related damages. As such, plaintiff seeks all damages permitted, under the law including compensatory damages, damages for emotional distress, punitive damages, reasonable costs, attorneys' fees and experts' fees.

## THE PARTIES

3. Plaintiff is a gay Hispanic American female natural person who was born in New York City and at all times relevant to this complaint was and is a citizen of the United States residing at 240 West 65th Street in the City, County and State of New York 10023.

4. Defendant Sacks and Sacks, LLP is a New York State licensed limited liability partnership law practice with offices at 150 Broadway, 4th Floor in the City, County and State of New York 10038.

5. Sacks and Sacks, LLP (hereinafter, "S & S") maintains a website it operates under its name which states that it believes that accident victims deserve and therefore receive their sympathy and compassion.

6. Defendant Kenneth Sacks is an attorney, and named senior partner at S & S residing at 605 Park Avenue, New York, New York 10065 and listed in the S & S online publication as a lawyer at S & S.

7. Defendant Evan Sacks is an attorney, and named senior partner at S & S residing at 421 Hudson Street, Apt 417, New York, New York 10014 – 3649 and listed in the S & S online publication as a lawyer at S & S.

8. Defendant Devon Reiff is an attorney at S & S, and resides at 114 East 90th Street, Apartment 1B, New York, New York 10128 and listed in the S & S online publication as a lawyer at S & S.

9. Upon information and belief, Kenneth and Evan Sacks are twin brothers.

10. S & S advertises itself and its attorneys as giving legal representation to plaintiffs suffering physical and emotional injuries and their effects through the fault of others.

11. Defendants each participate in an industry affecting commerce, collectively employ a sufficient number of employees, and are otherwise qualified to be plaintiff's employers so as to be covered under each of the laws plaintiff herein alleges were violated.

12. Defendants Kenneth and Evan Sacks and defendant Reiff are individually and jointly plaintiff's employers as defined under each of the laws plaintiff herein alleges were violated.

13. Plaintiff was an employee, and the defendants were her employers, as defined under the laws herein alleged to be violated

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this action under 42 U.S.C.A. **§** 1367, New York State Executive Law Section 296, New York State Labor Law Section 201-g, and New York City Administrative Code Section 8. Venue in this court is proper pursuant to 28 U.S.C.A **§** 1391 (b) 1 and 2.

## PROCEDURAL REQUIREMENTS

15. Plaintiff *pro se* filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and brings this action within the ninety (90) days of the receipt of a Notice of Right to Sue, dated by the EEOC on July 30th, 2019, a true and accurate copy of which is attached hereto as **Exhibit "A".**

16. The Notice of Right to Sue was issued by District Director Kevin J. Berry after a finding of the EEOC's stated inability to reach a conclusion based upon the information provided that a violation had occurred. The Notice of Right to Sue was issued after a failure of the parties to successfully conciliate. Plaintiff's EEOC submissions are annexed hereto as "**Exhibit "B"** .

## STATEMENT OF FACTS
## COMMON TO ALL CAUSES OF ACTION

17. Employer S & S maintains and operates a law practice in New York, New York.

18. Plaintiff was hired in April of 2012 as a paralegal.

19. Plaintiff was terminated on July 16, 2018.

20. Plaintiff, while an employee, applied for further positions with S & S and was rejected.

4

21. The applications for advancement and rejections occurred after plaintiff had complained, both pre-termination and post-termination, about the sexual harassment she had suffered at the hands of defendants.

22. Defendant S & S's failure to substantively consider plaintiff for these several positions was in retaliation for her sexual discrimination complaints.

23. As further set forth below, during her employment plaintiff was subjected to persistent unwanted sexually related comments and questions by more than one S & S partner. Those comments related to her sexual orientation and included items such as whether she engaged in "kinky behavior," whether she had telling photographs, whether she frequented lesbian bars, and requests to be taken to such bars.

24. As further set forth below, plaintiff clearly indicated to her employers that the comments were unwelcome. Despite her protests the unwelcome comments persisted.

25. Plaintiff found the workplace culture and environment at S & S to be extremely hostile and uncomfortable as a result of these persistent comments and questions.

26. Upon information and belief, this workplace culture and environment provided unstated permission and support for the continued unwanted and inappropriate behavior described herein including, ultimately, sexual abuse perpetrated on plaintiff.

## Sexual Harassment and Retaliation
## Quid Pro Quo Discrimination and Hostile Work Environment – Improper Comments

27. Numerous times during plaintiff's employment defendants Reiff and Evan Sacks asked plaintiff by text or vocally about her sexual practices without reprimand by Kenneth Sacks.

28. Plaintiff indicated that the referenced conduct was unwelcome without avail.

29. Because Evan Sacks was a named partner at S & S and plaintiff believed him to have ownership authority over her, plaintiff feared that she would be fired if she complained about his behavior more than she did.

30. Plaintiff's refusal to allow the inappropriate questions and comments which amounted to sexual harassment to pass unanswered was the cause of her termination.

31. Upon information and belief, had plaintiff allowed the questioning and commenting to continue unhampered and without complaint she would not have been terminated and would have received pay increases and occupational advancement and advantage.

### Plaintiff's Complaints to Management Regarding Sexual Harassment

32. Defendant Reiff's conduct continued unabated despite plaintiff's objection.

33. Defendants Evan Sacks and Kenneth Sacks ignored the referenced conduct allowing it to continue which resulted in others in S & S engaging in similar conduct. Ultimately, rather than correcting that conduct, those defendants' suggestion that plaintiff request money from defendant Reiff simply condoned that conduct.

### Retaliation

34. Evan Sacks brought plaintiff by herself into an office and after closing the door told her that S & S would not represent her in her previously commenced tort case if she complained about their treatment of her and that if she did complain he would ruin her life and moreover would "dredge" up her life to find anything damaging to use against her. Then plaintiff was segregated after over five years of employment at S & S and required to work by herself in a room separated from other employees and her employers and treated as a pariah.

**FIRST AND SECOND CAUSES OF ACTION**
Discrimination and Retaliation in Violation of
Title VII of the Civil Rights Act of 1964,
42 U.S.C. § 2000 e, et seq., as amended.

35. Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 34 above.

36. Defendants subjected plaintiff to a severe, abusive and pervasive hostile work environment, allowing her pariah status to continue and allowing such environment also to continue despite their knowledge of that abuse and ultimately terminated plaintiff's employment based upon her gender and her complaints about that work environment.

37. Plaintiff's gender and sexual orientation was the main motivating factor and made a difference in the decision to discharge plaintiff.

38. Plaintiff's refusal to participate in events in and out of the office, suggestions of invitations of sexual activity, and complaints about sex related discriminatory treatment were the motivating factors and made a difference in S & S's decision to discharge plaintiff.

39. Plaintiff's refusal to participate in, and complaints about, sex related discriminatory treatment was the motivating factor and made a difference in her employer's failure to rehire plaintiff.

40. Plaintiff's complaints about sex related discriminatory treatment and her refusal to participate in related activities were the motivating factors and made a difference in her employers' failure to substantively consider plaintiff for the available position for which she was told she would be given.

41. As a proximate result of defendants' discrimination and retaliation against plaintiff, plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings and severe emotional distress.

42. As a further proximate result of defendants' actions, plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

43. Plaintiff suffered significant physical injuries as a result of a trip and fall accident unrelated to defendants' herein alleged conduct for which defendants represented her in New York Supreme Court, New York County, Index No. 156939/2014. When plaintiff objected to the conduct, so referenced, (according to the warnings related in paragraph 34), they moved to be relieved as counsel without serving her notice and the action was dismissed for her nonappearance.

44. The conduct of defendants was outrageous and malicious, was intended to injure plaintiff, and was done with reckless indifference to plaintiff's protected rights entitling plaintiff to an award of punitive damages.

45. The acts herein alleged damaged plaintiff in an amount to be determined at trial.

46. The defendants' acts warrant the imposition of punitive damages and the granting of attorney's fees.

47. In addition to the damages discussed and described above, the acts alleged herein caused plaintiff to suffer serious physical injury and severe mental and emotional anguish and distress, each of which has caused pain and suffering.

48. As a direct and proximate result of the defendants' acts, plaintiff has suffered and continues to suffer injuries to her person, pain, humiliation, anxiety, mental anguish, emotional

distress and damage to her reputation and personal relations and other non-pecuniary losses as a direct result of the defendants' acts.

49. Plaintiff has suffered, and will suffer in the future, pecuniary losses as a direct result of the defendants' acts.

50. Plaintiff was forced to hire attorneys to represent her in this matter and will be forced to do so in her above referenced Supreme Court action and she should be awarded reasonable attorneys' fees and costs therefor.

51. Plaintiff's injuries were caused as a result of the conduct and policies and practices of the defendants. Defendants acted with such deliberate indifference and willful and reckless disregard that their conduct and policies foreseeably resulted in the aforesaid violation of plaintiffs' constitutional and other rights.

### THIRD, FOURTH AND FIFTH CAUSES OF ACTION
**Unlawful Discriminatory Practices and Retaliation**
**New York State Labor Law § 201- g**
**New York State Executive Law § 296**
**New York City Administrative Code § 8**

52. Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 51 above.

53. Defendants' acts alleged herein, as set forth above, were due in whole or in part to defendants' discriminatory practices and retaliation for her complaining thereof as set forth herein.

54. Defendants' acts alleged herein were due in whole or in part to retaliation for plaintiff's complaints regarding defendants' discriminatory practices.

55. Defendants' acts alleged herein were due in whole or in part to retaliation for plaintiff's refusal to accept the revolting comments or to take part in the sexual conduct described above.

56. By the acts alleged herein each of the defendants committed unlawful discriminatory practices as defined in section 296 of the New York State Executive Law and section 8 of the New York City Administrative Code and failed to protect employees from such pursuant to Section 201 – g of the New York State Labor Law failing to abide by same.

57. The unlawful discriminatory practices included direct discrimination, harassment, creation of a hostile work environment and *quid pro quo* sexual discrimination, and retaliation for plaintiff's refusal to participate in and complaints about such discrimination.

58. As a proximate result of defendants' discrimination and retaliation against plaintiff, plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, and the injuries set forth above.

59. Defendants are liable for their inaction and their willful, deliberate and reckless indifference to plaintiff's clearly established constitutional and statutory rights.

60. The defendants acted with malice or reckless indifference to plaintiff's rights.

## SIXTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

61. Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 60.

62. Defendants committed extreme and outrageous conduct by engaging in and/or allowing sexual harassment of plaintiff.

63. Defendants acted willfully and/or recklessly.

64. Defendants' conduct proximately caused plaintiff's injuries.

65. As a result of defendants' intentional action, plaintiff suffered lost wages, pain and suffering and severe emotional distress.

WHEREFORE plaintiff prays that this Court grant judgment to her containing the following relief:

1. An award of damages in an amount to be determined at trial to compensate plaintiff for physical injuries suffered, lost earnings, pain and suffering;

2. An order enjoining defendants from engaging in the wrongful practices alleged;

3. An award of damages in an amount to be determined at trial to compensate plaintiff for mental anguish, humiliation, embarrassment, and emotional injury;

4. An award of reasonable attorneys' fees and the costs of this action; and,

5. Such other and further relief including punitive damages as this Court may deem just and proper.

## DEMAND FOR JURY

Plaintiff demands a jury for the trial of all causes in this action.

Dated: October 29, 2019

                Law Offices of John Walshe & Associates
                By John Walshe
                /s/_____
                230 Park Avenue
                7th Floor
                New York, New York 10177
                212-697-3242

                Of Counsel
                Edward C. Kramer