```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
LISA J. PADILLA,                       :
                                       :
                       Plaintiff,      :       MEMORANDUM DECISION
                                       :           AND ORDER
        -against-                      :
                                       :       19 Civ. 10021 (GBD)
SACKS AND SACKS, LLP, KENNETH SACKS,   :
EVAN SACKS, and DEVON REIFF,           :
                                       :
                       Defendants.     :
                                       :
------------------------------------- x
```

GEORGE B. DANIELS, United States District Judge:

Plaintiff Lisa J. Padilla brings this action against Defendants Sacks and Sacks, LLP, Kenneth Sacks, Evan Sacks, and Devon Reiff for sexual harassment and discrimination on the basis of gender and sexual orientation, wrongful discharge, and intentional infliction of emotional distress in violation of Title VII of the Civil Rights Act of 1964, New York Labor Law § 201-g, New York Executive Law § 296, New York City Administrative Code § 8, and New York State Common Law.[1] (Compl., ECF No. 2) Plaintiff is a gay Hispanic-American female who was employed by Defendant Sacks and Sacks LLP ("Sacks Law Firm"), a law firm, as a paralegal from April 2012 to July 16, 2018. (*Id.* ¶¶ 3, 4, 17–19.) Individual Defendants Kenneth Sacks and Evan Sacks are senior partners of the Sacks Law Firm and Individual Defendant Devon Reiff is an attorney at the Sacks Law Firm. (*Id.* ¶¶ 6–8.) Plaintiff alleges that during her employment, she was subject to persistent and unwanted sexual comments and questions by multiple attorneys at the Sacks Law Firm, including Defendants Evan Sacks and Devon Reiff. (*Id.* ¶¶ 23, 27.) Plaintiff

---

[1] Plaintiff also purports to seek damages for Defendants' "negligence in failing to safeguard its employees, and specifically plaintiff, from injury" by not compensating her for work performed and not paying her a rate equal to that of a male employee of equal position and skill. (Compl. ¶ 1.)

asserts that she clearly conveyed to her employers that the comments in question were unwelcome, but despite her protests, they continued. (*Id.* ¶ 24.) Defendants Evan Sacks and Kenneth Sacks allegedly ignored the referenced conduct, which only led to others at the Sacks Law Firm engaging in similar conduct. (*Id.* ¶ 33.) Plaintiff further contends that after she complained about her treatment, Defendants retaliated against her by, *inter alia*, withdrawing legal representation of her in an ongoing tort case, segregating her from other employees, and ultimately terminating her employment. (*Id.* ¶¶ 20–22, 30, 34, 43.)

Defendants move to dismiss (1) Plaintiff's claims under Title VII of the Civil Rights Act of 1964 (Counts I and II) as to the Individual Defendants and (2) Plaintiff's claim of intentional infliction of emotional distress (Count VI) as to all Defendants. (Defs.' Notice of Mot. to Dismiss Counts I & II Against the Individual Defs. & Count VI Against All Defs., ECF No. 15.) Defendants' motion is GRANTED in both respects.

## I.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).[2]

---

[2] "In deciding a motion to dismiss under Rule 12(b)(6), the court may refer 'to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in

A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*; *see also Targum v. Citrin Cooperman & Co., LLP*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19, 2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013).

## II.  DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S TITLE VII CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS IS GRANTED

In Counts I and II of her complaint, Plaintiff brings claims of discrimination on the basis of gender and sexual orientation and retaliation under Title VII of the Civil Rights Act of 1964. Defendants move to dismiss such claims brought against the Individual Defendants, arguing that Title VII does not provide for personal liability. Defendants are correct. The Second Circuit has unambiguously stated that "individuals are not subject to liability under Title VII." *Sassaman v. Gamache*, 566 F.3d 307, 315 (2d Cir. 2009) (quoting *Patterson v. Cty. Of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004)). This is true even if such individuals are the owners of the employer at issue. See *Opoku v. Brega*, No. 15 Civ. 2213 (KMK), 2016 WL 5720807, at *14 n.16 (S.D.N.Y. Sept. 30, 2016) (citing *Sassaman* in dismissing Title VII claims against the owner of the plaintiff's employer). Accordingly, Plaintiff's claims under Title VII as to the Individual Defendants are dismissed.

---

bringing suit.'" *Fishbein v. Miranda*, 670 F. Supp. 2d 264, 271 (S.D.N.Y. 2009) (quoting *Brass v. Am. Film Tech., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

## II.  DEFENDANTS' MOTION TO DISMISS COUNT VI IS GRANTED

Defendants also argue that Plaintiff's claim of intentional infliction of emotional distress ("IIED") must be dismissed. To state a claim for IIED under New York law, a plaintiff must adequately allege: (1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress. *Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir. 1999) (citing *Howell v. New York Post Co.,* 81 N.Y.2d 115, 121 (1993)). This standard is "rigorous, and difficult to satisfy." *Howell*, 81 N.Y.2d at 122 (citations omitted). To form the basis of an IIED claim, conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (citations omitted).

Courts are generally loath to find that conduct involving discrimination or harassment in the course of employment is sufficient for a claim of IIED. "Acts which merely constitute harassment, disrespectful or disparate treatment, a hostile environment, humiliating criticism, intimidation, insults or other indignities fail to sustain a claim of infliction of emotional distress because the conduct alleged is not sufficiently outrageous." *Lydeatte v. Bronx Overall Econ. Dev. Corp.*, No. 00 Civ. 5433 (GBD), 2001 WL 180055, at *2 (S.D.N.Y. Feb. 22, 2001); *see also Stevens v. New York*, 691 F. Supp. 2d 392, 399 (S.D.N.Y. 2009). Here, Plaintiff alleges in her complaint that she was routinely harassed on the basis of her gender and sexual orientation. On numerous occasions, Defendants Evan Sacks and Devon Reiff allegedly asked, both in person and over text message, about Plaintiff's sexual practices. (Compl. ¶ 27.) Plaintiff was allegedly asked whether she engaged in "kinky behavior" and whether she had sexually suggestive photographs. (*Id.* ¶ 23.) At other times, Plaintiff allegedly faced questions about lesbian bars, requests to be taken to such bars, and comments on her appearance. (*Id.*) Simply put, Plaintiff's allegations

4

against Defendants constitute improper behavior, but they do not rise to the level of extreme and outrageous conduct. Plaintiff cites *McGrath v. Nassau Health Care Corp.*, 217 F. Supp. 2d 319, 335 (E.D.N.Y. 2002), where an IIED claim based on sexual harassment by a supervisor survived a motion to dismiss. Plaintiff's allegations, however, fall far short of those in *McGrath*, which included multiple acts of sexual assault, physical intimidation, and flagrant requests to engage in sexual conduct. *Id.* at 323. Though Plaintiff alleges that she was verbally harassed and subjected to ongoing humiliation, she was not physically threatened, assaulted, or otherwise subjected to such outrageous conduct to meet the extremely strict standard for IIED.

## IV. CONCLUSION

Defendants' motion to dismiss, (ECF No. 15), is GRANTED. Counts I and II of Plaintiff's complaint are dismissed against Defendants Kenneth Sacks, Evan Sacks, and Devon Reiff. Count VI is dismissed in its entirety. The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
       September 8, 2020

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge