USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/27/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

LISA J. PADILLA,

                                      Plaintiff,

            -against-

SACKS and SACKS, LLP, KENNETH SACKS,
EVAN SACKS, and DEVON REIFF,

                                      Defendants.

------------------------------------------------------------------X

**19-CV-10021 (GBD) (KHP)**

**ORDER ON MOTION TO QUASH**

**KATHARINE H. PARKER, United States Magistrate Judge:**

      Defendants served a non-party subpoena on Plaintiff's former employer, a law firm named Behman Hambelton LLP, to obtain Plaintiff's employment records and other documents. On July 16, 2021, Plaintiff filed a motion to quash that subpoena. (ECF No. 140.) Plaintiff argues both that the subpoena requests documents that are irrelevant to the claims and defenses asserted in this action and that it was served for the sole purpose of harassing Plaintiff.

      *I.*    *Standing*

      As an initial matter, the Court finds that Plaintiff has standing to move to quash the Behman Hambelton subpoena. Although, ordinarily, a plaintiff would lack standing to move to quash a non-party subpoena, a party has standing to so move if the party can demonstrate a claim of privilege or other substantial privacy right with respect to the documents sought. *Nova Prods., Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004); *Samad Bros., Inc. v. Bokara*

*Rug Co.*, No. 09-cv-5843 (JFK) (KNF), 2010 WL 5094344, at *2 (S.D.N.Y. Nov. 30, 2010); *see also Estate of Ungar v. Palestinian Auth.*, 400 F. Supp. 2d 541, 554 (S.D.N.Y. 2005) (quoting *Langford v. Chrysler Motors Co.*, 513 F.2d 1121, 1126 (2d Cir. 1975) ("[i]n the absence of a claim of privilege, a party usually does not have standing to object to a subpoena directed to a non-party witness")).

District courts in this Circuit consistently hold that an individual's privacy interest in his or her own employment records creates a personal right that confers standing to challenge a subpoena seeking such documents. *Dowling v. New York-Presbyterian/Weill Cornell Med. Ctr.*, No. 19-cv-2114 (LJL), 2020 U.S. Dist. LEXIS 47001, at *4-5 (S.D.N.Y. Mar. 16, 2020) (collecting cases). Because the subpoena at issue here seeks personnel records from Plaintiff's former employer, Plaintiff has standing to challenge the subpoena.

## II.   *Discoverability of the Documents Sought*

The Federal Rules of Civil Procedure establish the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). A subpoena issued pursuant to Rule 45 must meet Rule 26(b)(1)'s relevance standard. A court must quash a subpoena if it requests documents beyond the scope of discovery. *See Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010) (citing *During v. City Univ. of N.Y.*, No. 05-cv-6992 (RCC), 2006 WL 2192843, at *2 (S.D.N.Y. Aug. 1, 2006) (collecting

2

cases)).  Thus, to overcome a motion to quash a subpoena, the party issuing the subpoena must demonstrate the relevance of the documents it seeks.  *Sky Med. Supply Inc. v. SCS Support Claim Servs.*, No. 12-cv-6383 (JFB) (AKT), 2017 U.S. Dist. LEXIS 43668, at *9 (E.D.N.Y. Mar. 24, 2017).  Once relevance has been established, the party moving to quash bears the burden of demonstrating that the subpoena is overbroad, duplicative, and/or unduly burdensome.  *Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, No. 03-cv-5560 (RMB) (HBP), 2008 U.S. Dist. LEXIS 77018, at *14 (S.D.N.Y. Oct. 2, 2008).  The decision to grant or deny a motion to quash is left to the district court's sound discretion.  *John Wiley & Sons, Inc. v. Doe*, 284 F.R.D. 185, 189 (S.D.N.Y. 2012).

Here, the Court finds that the Behman Hambelton subpoena must be modified, as it seeks certain categories of documents that are irrelevant or not proportional to the parties' claims and defenses.

Specifically, the subpoena seeks the following documents from Plaintiff's former employer: (1) Plaintiff's personnel records; (2) Plaintiff's W-2s and 1099s; (3) payroll records reflecting Plaintiff's last wage or salary prior to her separation date; (4) employment recommendations that the firm issued in Plaintiff's favor; (5) Plaintiff's resume; (6) documents reflecting the reason(s) for Plaintiff's departure from the firm; (7) any internal or external complaints Plaintiff may have lodged against the firm; (8) and other documents showing Plaintiff's receipt of the firm's anti-harassment policies and training.  (ECF No. 141, Ex. 1.)

A.  *Financial Documents*

As noted, the subpoena seeks financial documents, such as Plaintiff's tax forms (W-2s and 1099s) and Plaintiff's final pay statement from her former employer. These documents are not relevant to this case as they do not bear on Plaintiff's damages nor on any of Defendants' asserted defenses. Defendants' sole basis for pursuing these financial documents is to confirm that Plaintiff in fact worked for Behman Hambelton and to better understand the nature of her work experience there. (ECF No. 143 at 2-3.) Defendants do not need Plaintiff's financial records in order to accomplish that goal. Therefore, to require Behman Hambelton to search for and produce these documents would also not be proportional to the needs of this case.

B. *Letters of Recommendation and Resume*

Defendants are not entitled to any letters of recommendation that Behman Hambelton may have written concerning Plaintiff. The only sort of letter of recommendation that could be potentially relevant to the case at bar is one that was sent to the Defendant Sacks and Sacks, LLP before Plaintiff began her employment there. However, any such letter would already be in Defendants' custody and control.

Similarly, Defendants' submissions clearly indicate that they already possess Plaintiff's resume that Plaintiff submitted to the Defendants while applying for employment at the Sacks and Sacks law firm. Any other resume is completely irrelevant to this case. Defendants have not proffered any basis to justify compelling production of other resumes that were sent to other employers that are not involved in this case. Such discovery is plainly beyond the scope of discovery in this litigation.

C. *Anti-Harassment Policies and Training*

Defendants also seek documents sufficient to show whether Plaintiff physically received the anti-harassment policies and related trainings from her former employer. These documents are also irrelevant to this case. In short, the fact that Plaintiff alleges claims of harassment and discrimination against Defendants does not require discovery into whether Plaintiff was aware of her former employers' harassment policies, which are not challenged in this lawsuit. Those employers are not parties to this litigation and, therefore, their policies and trainings are not relevant to the claims and defenses asserted by the parties.

*   *   *

In sum, Defendants have not shown that the categories of documents discussed above are relevant and/or proportional to the needs of this case.

D. *Personnel Records and Complaints*

Contrary to the documents discussed above, however, Defendants' subpoena permissibly seeks Plaintiff's personnel records from Behman Hambelton. Plaintiff's past employment records will allow Defendants to ascertain Plaintiff's role at her prior employer, which will allow Defendants to determine whether Plaintiff lied on her employment application to the Sacks and Sacks firm. That information is relevant insofar as evidence of such misconduct could impact Plaintiff's available remedies at trial. *See Greene v. Coach, Inc.*, 218 F. Supp. 2d 404, 412 (S.D.N.Y. 2002) (citing *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 360-62 (1995) for the proposition that "evidence that the employee would have been terminated for lawful reasons will make certain remedies . . . unavailable).

5

Additionally, the subpoena seeks (1) documents reflecting internal complaints of discrimination, harassment, and/or retaliation that Plaintiff made to Behman Hambelton during her employment and (2) documents reflecting external complaints or charges of discrimination, harassment, and/or retaliation that Plaintiff filed concerning her employment at Behman Hambelton.  These internal and external complaints may be relevant to Defendants' defenses in this action.  *See Ireh v. Nassau Univ. Med. Ctr.*, No. 06-cv-09 (LDW) (AKT), 2008 U.S. Dist. LEXIS 76583, at *16 (E.D.N.Y. Sept. 17, 2008) (modifying subpoena to require prior employer to "produce documents or correspondence it possesses regarding any internal or external complaints of race or national origin discrimination made by Plaintiff" against the former employer).  To the extent that any such complaints exist, they may speak to Plaintiff's motive and/or credibility in filing the instant lawsuit against Defendants.  However, these requests should be narrowed to encompass only internal complaints and external complaints and charges that cover similar allegations to those asserted in the case at bar.  Thus, the subpoena should be modified to request only complaints and charges of gender and sexual orientation discrimination, sexual harassment, and/or retaliation that Plaintiff lodged or filed during her employment with Behman Hambelton.  *See Rodriguez v. NNR Global Logistics USA Inc.*, No. 14-cv-1766 (JFB) (AKT), 2016 U.S. Dist. LEXIS 46093 at *18 (E.D.N.Y. Mar. 31, 2016) (limiting similar requests in this way).

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion to quash (ECF No. 140) is GRANTED in part and DENIED in part.  The subpoena shall be modified in accordance with this Order.

Further, the Court also respectfully requests that the Clerk of Court terminate the pending motion at ECF No. 143 as that filing was merely submitted in opposition to the motion addressed herein.

**SO ORDERED.**

DATED:      New York, New York
            September 27, 2021

_____
KATHARINE H. PARKER
United States Magistrate Judge